## Case No. 10,839.

### PATTON v. VIOLETT.

[1 Cranch. C. C. 463.] [1]

Circuit Court, District of Columbia.  Nov. Term, 1807.

BILLS AND NOTES — INSOLVENCY OF MAKER—SUIT AGAINST INDORSER — INDORSEMENT OF BLANK NOTE—SOLVENCY OF MAKER AT MATURITY—REQUEST TO SUE.

1. In Virginia the insolvency of the maker of a promissory note excuses the holder for not suing him and obtaining judgment, &c., before suing the indorser.

2. An indorsement of a blank paper, with intent to give credit to the maker of a promissory note which should afterwards be written thereon, is obligatory, although no other consideration passed from the indorsee to the indorser; and authorizes the maker to make the note in the manner intended at the time of the indorsement.

3. It is no bar to the plaintiff's recovery in this action that the maker had, at the time the note became payable, property enough to pay this debt, and that he and the plaintiff both resided in the same town, and that the plaintiff brought no suit against the maker.

4. The insolvency which will excuse the plaintiff for not bringing suit against the maker, must be such as, in the opinion of the jury, would render a suit fruitless.

5. If the maker was solvent at the time the note became payable, and during such solvency the defendant requested the plaintiff (but not in writing) to sue the maker, and he did not, the defendant is discharged from liability, under the equity of the statute of Virginia 23d December, 1794, "concerning debtors and their securities." [Laws 1794, p. 7.]

The declaration was upon a promissory note, made by Brooke, payable to Violett or order, and by him assigned, by indorsement, to the plaintiff; and averred demand of payment from Brooke, his refusal and insolvency at the time of demand, and notice thereof to Violett.

Upon the trial of the general issue, THE COURT (DUCKETT. Circuit Judge, absent). at the prayer of the plaintiff, instructed the jury, in effect. that if the defendant indorsed the note, with intent to give credit to the maker with the plaintiff. for the amount of the note. and the plaintiff did thereupon give such credit, the circumstance that the indorsement was made before the note was filled up, was no bar to the plaintiff's recovery in this action, although the defendant received no other consideration for his indorsement than the credit thus given by the plaintiff to Brooke upon the faith of the note; and that such indorsement authorized Brooke to fill up, and make the note in the form in which it appears to have been made: and that the circumstance. that the body of the note was in the plaintiff's handwriting, was wholly immaterial to this issue.

And THE COURT refused to instruct the jury, as prayed by the defendant. that if they should be satisfied by the evidence, that Brooke had property enough to pay this debt

at any time after the note became payable, and that the plaintiff had remained in the same county with him, and had not brought suit against him, he could not recover in this action.

THE COURT also said that the insolvency, to excuse the not bringing a suit, must be such as would, in the opinion of the jury, have rendered a suit fruitless.

THE COURT also, at the suggestion of the defendant's counsel, expressed an opinion, that under the equity of the Virginia statute of 23d December, 1794, "concerning debtors and their securities," the defendant is discharged from his liability upon the note, if, after the note became payable, and while the maker was solvent, the defendant requested the plaintiff to sue the maker, and he did not; although such request was not in writing, as required by the letter of the statute. See Vowell v. Lyles (at July term, 1807) [Case No. 17,021].

[The judgment of this court, which was for the plaintiff, was affirmed by the supreme court, where it was carried on writ of error. 5 Cranch (9 U. S.) 142.]